UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SASHA JAIDYN KARSTEN,

        Plaintiff,

   v.

MCDOUGALL & SONS,

        Defendant.

Case No. 3:20-cv-00748-YY

ORDER

    *Pro se* plaintiff Sasha Jaidyn Karsten has filed a complaint alleging discrimination and wrongful termination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et seq.*, and Washington law, WASH. REV. CODE § 49.60.010 *et seq*. Defendant McDougall & Sons ("McDougall") has filed a Motion to Dismiss Based on Personal Jurisdiction in which it asks the court to dismiss the case or, in the alternative, transfer the case to the Eastern District of Washington pursuant to 28 U.S.C. § 1404(a). ECF #13.

    It appears that, as defendant contends, this court lacks personal jurisdiction over defendant. However, rather than dismiss this case, the court grants defendant's alternative motion to transfer this case to the Eastern District of Washington.

1 – ORDER

I.     Relevant Law—28 U.S.C. § 1404(a)

Section 1404 "partly displaced" the doctrine of forum non conveniens, *Miskow v. Boeing Co.*, 664 F.2d 205, 207 (9th Cir. 1981), and provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal citations and quotation marks omitted).

The court adjudicates § 1404(a) motions to transfer on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Id.*

"*[F]orum non conveniens* considerations are helpful in deciding a § 1404 transfer motion." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). In the forum-non-conveniens analysis, the court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Id.* "[T]he court should consider private and public interest factors affecting the convenience of the forum." *Id.* "Private factors include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *Gulf Oil Corp. v.*

*Gilbert*, 330 U.S. 501, 508 (1947)) (internal quotation marks omitted).  "Public factors include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (quoting *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)) (internal quotation marks omitted).

Generally, a "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.*  However, "[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Fabus Corp. v. Asiana Exp. Corp.*, No. C-00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001).

**II.     Analysis**

There is no dispute that this action "might have been brought" in the Eastern District of Washington.  28 U.S.C. § 1404(a); *see* Mot. 11, ECF #13 (conceding "Plaintiff could have originally brought her claims in the Eastern District of Washington, as Washington courts have general jurisdiction over McDougall and subject matter jurisdiction over Plaintiff's claims (which arose exclusively in that district)").  Venue is proper in that district, as a "substantial part of the events or omissions giving rise to the claim occurred" there.  28 U.S.C. § 1391(b)(2).

Additionally, venue for a Title VII claim is governed by 42 U.S.C. § 2000e-5(f)(3), which provides that "[s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in

3 – ORDER

which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." *See Harrison v. International Ass'n of Machinists and Aerospace Workers*, 807 F. Supp. 1513, 1516 (D. Or. 1992) (citing *Arrocha v. Panama Canal Comm'n,* 609 F. Supp. 231, 234 (E.D.N.Y. 1985), for the proposition that, in determining proper venue, "a court must first look to the situs of any one of the first three criteria set forth in § 2000e–5(f)(3)"). All of the alleged employment actions in this case occurred in the Eastern District of Washington, the employment records are kept in that district, and plaintiff would have worked in that district but for the unlawful employment practices she claims defendant committed. In fact, the complaint was filed in the District of Oregon only because plaintiff subsequently moved here.

Moreover, the relevant private and public factors weigh heavily in favor of transfer. Again, all of the purported events occurred in the Eastern District of Washington where all of the evidence and witnesses, except for plaintiff, are located. In light of those circumstances, the financial and logistical impediments to trying this case in Oregon versus Washington are obvious. There is no local interest in this case and there is no point in unfairly burdening Oregon citizens to serve as jurors on this case. The events in this case have no connection to the District of Oregon, and in one of her claims, plaintiff asserts a violation of Washington law, which also has no connection to this forum. Plaintiff contends she will not receive fair trial in Eastern District of Washington. However, other than speculation, she has offered no evidence or proof to support this contention.

Finally, plaintiff's choice of forum does not count heavily here. Plaintiff chose this forum upon moving here *after* the events had occurred. *See United Sonics, Inc. v. Shock*, 661 F.

4 – ORDER

Supp. 681, 683 (W.D. Tex. 1986) (noting that, where a party moved after the events transpired, "certainly a reasonable expectation must have followed that distant forum litigation might be a possibility," and finding "quite strained" the argument that "venue should travel with [a party] wherever he might reside").

Defendant also contends that plaintiff has failed to establish personal jurisdiction. In response, plaintiff does not offer much in the way of argument and instead asks for jurisdictional discovery. The court has examined defendant's arguments regarding personal jurisdiction and finds that they have some merit. However, plaintiff has paid a hefty filing fee to bring this action in federal court and defendant concedes that jurisdiction is proper in the Eastern District of Washington. Therefore, rather than resolve the issue of personal jurisdiction, the court grants defendant's alternative motion to transfer this case to the Eastern District of Washington.

## CONCLUSION

The court grants defendant's alternative motion, ECF #13, and directs the Clerk of the Court to transfer this case to the Eastern District of Washington. Defendant's motion is otherwise moot.

IT IS SO ORDERED.

DATED  August 18, 2020.

    /s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

5 – ORDER